UNITED STATES of America, Appellee,

v.

Larry CAIN; Gloria Asanthia Carr Cain, Appellants.

No. 80–5072.

United States Court of Appeals, Fourth Circuit.

Argued April 7, 1981.

Decided July 16, 1981.

Earl Whitted, Jr., Goldsboro, N. C. (Whitted, Jordan & Matthewson, Goldsboro, N. C., on brief), for appellants.

Louise A. Lerner, Dept. of Justice, Washington, D. C. (Walter W. Barnett, Dept. of Justice, James P. Turner, Acting Asst. Atty. Gen., Washington, D. C., Thomas E. Lydon, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Before RUSSELL, HALL and SPROUSE, Circuit Judges.

PER CURIAM:

The defendants, after pleading guilty, sought, almost two months after entry of their pleas, and five days before the imposition of sentence, to withdraw their pleas. They asserted two grounds for their motions to withdraw their pleas: (1) The failure of the district court to explain adequately, before accepting their pleas, the conspiracy count in the indictment; and, (2) The acceptance of their guilty pleas despite the defendants' denial of guilt. Neither ground has merit. A review of the record demonstrates that the district court carefully and fully explained the conspiracy charge in the indictment, and complied with all other provisions of Rule 11, before accepting their pleas. Nor did the defendants deny factual guilt. Their claim that they had denied their guilt rests on a somewhat bizarre theory. They conceded the violation as charged but advanced the unusual argument that since this was merely a violation of a "secular" law and not of their own moral law, they were not guilty. This is not a plea entitled to recognition in a secular court where the defendants admit their violation of the secular law. We, accordingly, conclude that the district court did not abuse its discretion in denying the defendants the right to withdraw their guilty pleas. The judgment of the district court is, therefore,

*AFFIRMED.*